UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE LAWTONE-BOWLES,<br><br>                    Plaintiff,<br><br>-against-<br><br>LIBERTY UNIVERSITY; LIBERTY SCHOOL OF HEALTH SCIENCES; BRENDAN HAYNE; GRANT M. ROST,<br><br>                    Defendants. | 1:22-CV-5756 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated August 22, 2022, the Court directed Plaintiff Nicole Lawtone-Bowles, who appears *pro se*, to show cause by declaration, within 30 days, as to why the Court should not transfer this action to the United States District Court for the Western District of Virginia under 28 U.S.C. § 1404(a).[1] (ECF 5.) On August 25, 2022, Plaintiff filed a declaration. (ECF 6.)

In its August 22, 2022, order, the Court construed Plaintiff's complaint as asserting claims under Title IX of the Educational Amendments Act ("Title IX") and/or Title II of the Americans with Disabilities Act of 1990 ("Title II of the ADA"). In her declaration, Plaintiff specifies that she asserts claims under Title IX, as well as claims under state law. For the following reasons, the Court transfers this action to the United States District Court for the Western District of Virginia.

## DISCUSSION

As the Court mentioned in its August 22, 2022, order (ECF 5, at 1-2), the applicable venue provision for claims brought under Title IX or under Title II of the ADA is found at 28 U.S.C. § 1391(b), which provides that a federal civil action may be brought in:

---

[1] The Court has granted Plaintiff leave to proceed *in forma pauperis*. (ECF 4.)

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

The events that are the basis for Plaintiff's claims allegedly occurred while Plaintiff has been enrolled as a student at Liberty University, and attending its online courses; her claims arise from online grading disputes, as well as email disputes, that she has allegedly had with that university's faculty and officials. (ECF 2, at 5-6.) She sues: (1) Liberty University ("LU"); (2) the Liberty University School of Health Sciences ("LUSHS"); (3) Brendan Haynie, the "Online Chair" of LUSHS; and (4) Grant M. Rost, an associate professor of law at LU. Plaintiff alleges, in her complaint, that LU and LUSHS reside in Lynchburg, Campbell County, Virginia. (ECF 2, at 4.) She also appears to allege, in her complaint, that Defendants Haynie and Rost reside in that same city and county in Virginia. (*See id.* at 4-5.) Campbell County, Virginia, lies within the Western District of Virginia. *See* 28 U.S.C. § 127(b). Accordingly, because all of the defendants appear to reside in Campbell County, the United States District Court for the Western District of Virginia is a proper venue for this action under Section 1391(b)(1).

Plaintiff seems to assert, in her declaration, that LU and LUSHS reside in this judicial district by virtue of their transmission, over the internet, of online courses to students within this judicial district, including Plaintiff. (*See* ECF 6, at 1-2.) Even if the Court were to assume that,

under Section 1391(c)(2), LU and LUSHS do reside within this judicial district, Plaintiff has alleged no facts showing that Defendants Haynie and Rost reside anywhere within the State of New York. Thus, this court is not a proper venue for this action under Section 1391(b)(1).

Plaintiff alleges in her complaint that the events giving rise to her claims have occurred in both Highland Falls and West Point, New York (ECF 2, at 5), which are both in Orange County, within this judicial district, *see* 28 U.S.C. § 112(b). She also asserts, in her declaration, that she attends online courses, which are transmitted from LU, at her home in Highland Falls, and in the Bronx, New York (ECF 6, at 1-2); Bronx County also lies within this judicial district, *see* § 112(b). Thus, as noted by the Court in its August 22, 2022, order (ECF 5, at 2), this court may be a proper venue for this action under Section 1391(b)(2). Because the complaint seems to show, as the Court also noted in its August 22, 2022, order (*see id.* at 2-3), that a substantial part of the events or omissions giving rise to this action also occurred at LU (ECF 2, at 7-8), however, the Western District of Virginia is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a jurisdiction where venue is proper, a district court may transfer the action to any other district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y.

2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the Western District of Virginia appears to be appropriate for this action. Many of underlying alleged events occurred at LU, within the Western District of Virginia; all of the defendants are located within that judicial district; and it is reasonable to expect that relevant documents and witnesses would also be located in that judicial district. Thus, the Western District of Virginia appears to be a more appropriate forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Western District of Virginia. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Western District of Virginia. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   September 23, 2022
          New York, New York

                                 /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                               Chief United States District Judge